

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00403-CR

## IN RE TREVER ROBERTSON

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

Trever Robertson has filed what he titled "Motion for Leave to file Petition for Writ of Mandamus" although portions of his document could also be a Petition for Writ of Mandamus. A motion for leave to file a petition for writ of mandamus is required when relief is sought from the Court of Criminal Appeals. TEX. R. APP. P. 72.1. But the requirement for leave to file at the court of appeals level was eliminated in 1997. *See* TEX. R. APP. P. 52, Notes and Comments. Thus, under the applicable rules, if mandamus relief is sought from an intermediate court of appeals, such as the Tenth Court of Appeals, a motion for leave to file the petition is unnecessary. Accordingly, Robertson's motion for leave is dismissed as moot.

As a Petition for Writ of Mandamus, there is simply inadequate information supplied to even begin to address the legal merits of it. It appears, based upon the punishment referenced in the motion, Robertson's complaint relates to a motion for new trial from the judgment in trial court number 02-089-CR which was the subject of an appeal docketed in this Court and disposed of as 10-02-00283-CR. But Robertson does not supply any necessary information, such as the date the sentence was imposed, that would help us determine whether he is entitled to any relief. He simply asserts that he filed a motion for new trial on September 6, 2012 that has not been ruled upon by the trial court. We note that if a timely filed motion for new trial, and from what is before us this motion for new trial does not appear to be timely filed, is not ruled on by the trial court, the motion is deemed denied 75 days after the sentence is imposed. TEX. R. APP. P. 21.8. That deemed denial, just like a written trial court order denying the motion for new trial, could then be appealed, but only if the motion for new trial was timely filed (within 30 days after the sentence is imposed). TEX. R. APP. P. 21.4(a); 26.2(a)(2). Thus, Robertson would have had an adequate legal remedy by appeal that he appears to have lost by his delay in the filing of the motion for new trial. It therefore appears that the trial court has no jurisdiction to rule on the untimely filed motion for new trial. *See Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987). Accordingly, to the extent that the document Robertson has filed is a Petition for Writ of Mandamus to

compel the trial court to do that which the trial court has no jurisdiction to do, it is denied.

There are other procedural problems with Robertson's document including, but not limited to, that it was not served on the trial court judge. *See* TEX. R. APP. P. 52.2; 9.5. However, we use Rule 2 to look beyond the procedural problems and reach a more timely disposition. TEX. R. APP. P. 2.



TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Motion dismissed as moot
Petition denied
Opinion delivered and filed November 15, 2012
Do not publish
[OT06]